Madeline EGGERING,
Claimant/Appellant,

v.

DELMAR GARDENS ENTERPRISES, INC., and Division of Employment Security, Respondents.

No. ED 82413.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 20, 2003.

Madeline Eggering, St. Louis, MO, pro se.

Andrew J. Martone, Larry R. Ruhmann, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Madeline Eggering, filed a claim for unemployment benefits. A deputy determined she was disqualified from receiving unemployment because she left work with her employer voluntarily without good cause attributable to her work or employer. She appealed to the Appeals Tribunal, which also concluded she was disqualified. She then filed an application for review with the Labor and Industrial Relations Commission. The Commission affirmed the decision of the Appeals Tribunal. The claimant then filed a notice of appeal to this Court. Because we find the claimant's notice of appeal is untimely, we dismiss her appeal.

Section 288.210, RSMo 2000, provides an aggrieved party twenty days to appeal the Commission's decision after it becomes final. *Id.* The Commission's decision becomes final ten days after the date it is

mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to the claimant on December 24, 2002. Therefore, the decision became final ten days later on January 3, 2003. Section 288.200.2. The claimant's notice of appeal was due on January 23, 2003. Section 288.210. The claimant's notice of appeal was filed with the Commission by facsimile on January 24, 2003 and was untimely. The respondent, Division of Employment Security, filed a motion to dismiss the appeal for lack of a timely notice of appeal. The claimant has failed to file a response.

In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. Louis County Health,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). Furthermore, the procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal. *Mathis,* 84 S.W.3d at 525; *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

While the time provisions of section 288.210 are harsh, they are ameliorated by other provisions in the law. For example, 8 C.S.R. 20–2.010(5) allows a party to file a notice of appeal by facsimile in an unemployment matter. In addition, if the notice is mailed, it is considered filed as of the date endorsed by the United States Post Office on the envelope. Section 288.240, RSMo 2000; 8 C.S.R. 20–2.010(4). Unfortunately, neither of these regulations can assist the claimant where her notice of appeal is still untimely.

The respondent's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.