Christine MOORE, Claimant/Appellant,

v.

NORTHVIEW VILLAGE, INC., and Division of Employment Security, Respondents.

No. ED 83496.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

Christine Moore, St. Louis, pro se.

Northview Village, Inc., St. Louis, pro se.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Christine Moore (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for unemployment benefits. Because we find the Claimant's notice of appeal is untimely, we dismiss the appeal.

Claimant filed an application for unemployment benefits. A deputy of the Division of Employment Security determined that Claimant was disqualified for eight weeks because she had been discharged by her employer for misconduct connected with her work. Claimant appealed to the Appeals Tribunal, who dismissed Claimant's appeal when she failed to respond to a notice of telephone hearing. Claimant then sought review by the Commission, which affirmed the Appeals Tribunal decision. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on August 8, 2003. Claimant filed a notice of appeal to this Court on September 29, 2003.

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Williams v. ESI Mail Pharmacy Service, Inc.*, 103 S.W.3d 848 (Mo.App. E.D.2003). Claimant had twenty days to appeal a final decision of the Commission. Section 288.210.[1] The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Secretary for the Commission mailed its decision to Claimant on August 8, 2003. The decision became final ten days later and the notice of appeal was due on September 8, 2003. Section 288.200; Section 288.210. Claimant's notice of appeal filed on September 29, 2003, was untimely under Section 288.210.

We issued an order directing Claimant to show cause why this appeal should not be dismissed as untimely. Claimant has failed to file a response. An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Eggering v. Delmar Gardens Enterprises, Inc.*, 105 S.W.3d 853, 854 (Mo.App. E.D.2003). In addition, Section 288.210 fails to make any provision for filing a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.