Chris GUEBERT, Claimant/Appellant,

v.

PROFESSIONAL INSTALLERS, INC.
and Division of Employment
Security, Respondents.

No. ED 83899.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 24, 2004.

Frank Robin Ledbetter, St. Louis, MO,
for Appellant.

Cynthia Ann Quetsch, Jefferson City,
MO, for Respondent.

Professional Installers, Inc., Earth City,
pro se.

SHERRI B. SULLIVAN, Chief Judge.

Chris Guebert (Claimant) appeals from
the decision of the Labor and Industrial
Relations Commission (Commission) deny-
ing his application for review as untimely.
We dismiss the appeal for lack of jurisdic-
tion.

After Claimant applied for unemploy-
ment benefits, a deputy of the Division of
Employment Security (Division) approved
Claimant's application. Claimant's em-
ployer appealed to the Appeals Tribunal.
After a telephone hearing, the Appeals
Tribunal denied Claimant unemployment
benefits and concluded he had voluntarily
left his work without good cause attribut-
able to his work or his employer. The
Appeals Tribunal mailed its decision to
Claimant on August 21, 2003. Claimant
filed an application for review with the
Commission on November 3, 2003. The
Commission denied the application for re-
view, concluding it was untimely under
Section 288.200.[1] Claimant now appeals to
this Court.

The Division has filed a motion to dis-
miss the appeal, arguing that Claimant's
untimely appeal to the Commission divest-
ed this Court of jurisdiction to consider his
appeal. Claimant has not filed a response
to the motion.

Section 288.200.1 provides a claimant
with thirty (30) days from the mailing of
the Appeals Tribunal decision to file an
application for review with the Commis-
sion. Here, the Appeals Tribunal certified
that it mailed its decision to Claimant on
August 21, 2003. Thus, Claimant's applica-
tion for review to the Commission was due
on September 22, 2003. Claimant mailed
his application for review to the Commis-
sion on November 3, 2003. When an ap-
plication for review is mailed, it is "deemed
to be filed as of the date endorsed by the
United States post office on the envelope
or container in which such paper is re-
ceived." Section 288.240. Therefore,
Claimant's application for review was un-
timely.

In explaining the lateness of his applica-
tion for review, Claimant stated he had
been busy. Unfortunately, Section 288.200
provides no mechanism for filing a late
application for review with the Commission
and the procedures are mandatory. *Eg-
gering v. Delmar Gardens Enterprises,
Inc.*, 105 S.W.3d 853, 854 (Mo.App. E.D.
2003). Claimant's failure to file a timely
application for review divests the Commis-
sion of jurisdiction. *Brown v. MOCAP,
Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.
2003). Our jurisdiction is derived from
that of the Commission and, if it does not
have jurisdiction, then neither do we. *Id.*

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.