Gary W. FREEMAN, Claimant/Appellant,

v.

PLAZA MOTORS COMPANY and Division of Employment Security, Respondents.

No. ED 83900.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 24, 2004.

Gary W. Freeman, Creve Coeur, pro se.

Cynthia Ann Quetsch, Jefferson City, for respondent.

Plaza Motor Company, Creve Coeur, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Gary Freeman (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

After Claimant applied for unemployment benefits, a deputy of the Division of Employment Security (Division) disqualified Claimant from receiving unemployment benefits. The deputy concluded that Claimant had left his work without good cause attributable to his work or his employer. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's finding that Claimant's failure to return to work after his medical leave expired was not good cause attributable to his work or his employer. The Appeals Tribunal mailed its decision to Claimant on October

6, 2003. Claimant filed an application for review with the Commission on November 6, 2003. The Commission denied the application for review, concluding it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal, arguing that Claimant's untimely appeal to the Commission divested this Court of jurisdiction to consider his appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on October 6, 2003. Thus, Claimant's application for review to the Commission was due thirty days later on November 5, 2003. Claimant faxed his application for review to the Commission on November 6, 2003. Therefore, Claimant's application for review was untimely.

In his notice of appeal to this Court, Claimant conceded his appeal to the Commission was one day late because he thought he had no appeals left and then someone in the unemployment office told him that he had until November 6, 2003. The Appeals Tribunal decision is clearly dated October 6, 2003. The decision also states at the bottom:

### APPEAL RIGHTS

If you disagree with the Decision of the Appeals Tribunal, you may file an Application for Review (appeal) to the Labor and Industrial Relations Commission. No special form is needed to file an application but you or your attorney must send any comments, arguments, or original exhibits excluded at the hearing that you want the Commission to consider with your application for review.

An Application for Review must be filed within thirty (30) days from the date of this decision. The application may be filed by FAX or by mail to the address shown on the first page of this decision.

Claimant was on notice that he had only 30 days from October 6, 2003 to file his application for review. Unfortunately, thirty days from October 6, 2003 is not November 6, 2003, but instead November 5, 2003. No matter what the circumstances, Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *Eggering v. Delmar Gardens Enterprises, Inc.*, 105 S.W.3d 853, 854 (Mo.App. E.D.2003). Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Our jurisdiction is derived from that of the Commission and, if it does not have jurisdiction, then neither do we. *Id.*

The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.