Jamie HOWSE, Claimant/Appellant,

v.

**LOU FUSZ MOTOR COMPANY and Division of Employment Security, Respondents.**

No. ED 84129.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 6, 2004.

Jamie Howse, Ferguson, MO, Pro Se.

Cynthia Ann Quetsch, Jefferson City, MO, for Respondent.

Lou Fusz Motor Company, St. Louis, MO, Pro Se.

SHERRI B. SULLIVAN, Chief Judge.

Jamie Howse (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) awarded Claimant unemployment benefits after her separation from employment with Lou Fusz Motor Company (Employer). Employer appealed to the Appeals Tribunal. After a telephone hearing, the Tribunal reversed the deputy's award, concluding Claimant had voluntarily left her work without good cause attributable to her work or employer. The Appeals Tribunal mailed its decision to Claimant on November 7, 2003. Claimant filed an application for review with the Commission on December 11, 2003. The Commission denied the application for review, concluding it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal, arguing that Claimant's untimely appeal to the Commission divested this Court of jurisdiction to consider his appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on November 7, 2003. Therefore, Claimant's application for review to the Commission was due on December 8, 2003. Section 288.200.1; Section 288.240. Claimant filed her application for review with the Commission by facsimile on December 11, 2003. Therefore, Claimant's application for review was untimely.

The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Eggering v. Delmar Gardens Enterprises, Inc.*, 105 S.W.3d 853, 854 (Mo.App. E.D. 2003). The procedures outlined for appeal by the statute are mandatory and Section 288.200 provides no mechanism for filing a

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

late application for review with the Commission. *Id.* Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Our jurisdiction is derived from that of the Commission and, if it does not have jurisdiction, then neither do we. *Id.*

The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.