**Linda RANKIN, Claimant/Appellant,**

v.

**PULASKI BANK and Division
Of Employment Security,
Respondents.**

**No. ED 84374.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 22, 2004.

Linda Rankin, St. Louis, pro se.

Cynthia Ann Quetsch, Jefferson City, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

Linda Rankin (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security determined that Claimant was ineligible for unemployment benefits because she was unavailable for work due to her school attendance. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination. The Appeals Tribunal mailed its decision to Claimant on January 20, 2004. Claimant filed an application for review with the Commission. The Commission denied the application for review, concluding it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on January 20, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on February 19, 2004. Section 288.200.1. Claimant's application for review to the Commission was postmarked February 25, 2004. When an application for review is mailed, it is "deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received." Section 288.240. Therefore, Claimant's application for review was untimely.

This Court has an obligation to examine its jurisdiction *sua sponte*. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo.App. E.D.2003). We issued an order to Claimant directing her to show cause why this appeal should not be dismissed. Claimant has not filed a response. However, in her application for review, Claimant stated it was late because of a misunderstanding with the unemployment office. Unfortunately, even if a claimant misunderstands the advice provided by the unemployment office, or even if the advice is erroneous, the unemployment statutes do not provide any mechanism for filing a late application for review with the Commission. *See Eggering v. Delmar Gardens Enterprises, Inc.*, 105 S.W.3d 853, 854 (Mo. App. E.D.2003).

The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Id.* Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Because our jurisdiction is derived from that of the Commission, if it does not have jurisdiction, then neither do we. *Id.*

Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.