David MACK, Claimant/Appellant,

v.

**SOCIAL SECURITY ADMINISTRA-TION and Division of Employment Security, Respondents.**

No. ED 84732.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 10, 2004.

David Mack, St. Louis, MO, for appellant.

Sabrina Merritt, St. Louis, Cynthia A. Quetsch, Jefferson City, for respondent.

GEORGE W. DRAPER III, Chief Judge.

David Mack (Claimant) appeals from the Labor and Industrial Relations Commission (Commission) decision denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits for twelve weeks because he was discharged for misconduct connected with his work. Claimant appealed to the Appeals Tribunal. Claimant's appeal was dismissed because he failed to participate in a telephone hearing. The Appeals Tribunal mailed its decision to Claimant on April 14, 2004. Claimant filed an application for review with the Commission. The Commission denied the application for review, concluding it was untimely under section 288.200, RSMo 2000. Claimant now appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division contends that Claimant's untimely application for review to the Commission deprives this Court of jurisdiction. Claimant has not filed a response to the motion.

■ Claimant had thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on April 14, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on May 14, 2004. Section 288.200.1, RSMo 2000. Claimant's application for review to the Commission was sent by facsimile on May 25, 2004. Therefore, Claimant's application for review was untimely.

■ Claimant stated in his application for review that he previously e-mailed a copy of the application for review to a relative, who was supposed to fax the application to the Commission on May 13, 2004. However, the record before us does not indicate that Claimant's application for review was faxed on May 13, 2004. The only application in the record was faxed on May 25, 2004. Unfortunately, even under these circumstances, the unemployment statutes fail to provide any mechanism for filing a late application for review with the Commission. *See, Freeman v. Plaza Motors Company*, 128 S.W.3d 613, 614 (Mo. App. E.D.2004).

■ The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo.App.E.D. 2004). Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004). Because our jurisdiction is derived from that of the Commission, if it does not have jurisdiction, then neither do we. *Id.*

The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J.