Antwoine ROBINSON,
Claimant/Appellant,

v.

DYNACRAFT, INC., and Division
of Employment Security,
Respondents.

No. ED 84615.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 31, 2004.

Antwoine L. Robinson, Black Jack, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO, Dynacraft, Inc., St. Louis, MO, for Respondents.

GEORGE W. DRAPER III, Chief Judge.

Antwoine Robinson (Claimant) appeals from the Labor and Industrial Relations Commission (Commission) decision denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits. Claimant appealed to the Appeals Tribunal, which dismissed his appeal because it was untimely. The Appeals Tribunal mailed its decision to Claimant on January 8, 2004. Claimant filed an application for review with the Commission on April 17, 2004. The Commission denied the application for review, concluding it was untimely under section

288.200, RSMo 2000. Claimant now appeals to this Court.

Claimant has only thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on January 8, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later. Section 288.200.1. Claimant's application for review to the Commission was postmarked April 17, 2004, well beyond the 30–day time limit. Therefore, Claimant's application for review was untimely.

This Court has a duty to examine its jurisdiction *sua sponte*. *Thomas v. St. Martin's Childcare Center*, 127 S.W.3d 704, 705 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. In his response, Claimant seems to complain that he notified the unemployment office of his change of address in September of 2003, and the "appeal note" was sent to an old address. However, in the record provided to us by the Commission, Claimant sent a letter as late as December 30, 2003 (just nine days before the Appeals Tribunal mailed its decision) that used his old address and asked that all correspondence be sent to that address. In addition, he admits in the same response that he did receive a notice in January 2004.

The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo.App.E.D.2004). Claimant's failure to file a timely application for review divests the Commission, and ultimately this Court, of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004).

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.