**1.** On her notice of appeal to this Court, Claimant listed the Employment Security Appeal No. 04–9703, which is her claim for benefits from Gadzooks, Inc. However, she

Jamie ZEHNLE, Claimant/Appellant,

v.

GADZOOKS, INC., and Division of Employment Security, Respondents.

No. ED 85173.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 23, 2004.

Jamie Zehnle, St. Louis, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Jamie Zehnle (Claimant) appeals the Labor and Industrial Relations Commission's decision denying her application for review as untimely. Because Claimant's application for review to the Commission was untimely, we are divested of jurisdiction and must dismiss the appeal.

A deputy determined that Claimant was disqualified for four weeks from receiving unemployment benefits because she had been discharged for misconduct connected with her work. Claimant appealed to the Appeals Tribunal. On April 28, 2004, the Appeals Tribunal dismissed her appeal after she failed to participate in a telephone hearing. Claimant mailed an application for review by the Commission by U.S. postal service on July 28, 2004. The Commission denied her application for review because it was untimely. Claimant now appeals to this Court.[1]

listed the Respondent as "Charm Shoppes (Fashion Bug)," which apparently refers to another unemployment claim against a second employer. She also attached to her notice of appeal a decision of the Appeals Tribunal in this case (No. 04–10544). The decision, however, is in her favor because

A claimant must file an application for review by the Commission within thirty (30) days after the Appeals Tribunal mails its decision. Section 288.200, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on April 28, 2004. Therefore, her application for review was due thirty days later, on May 28, 2004. Claimant did not mail her application for review until two months later, on July 28, 2004.

The timely filing of an application for review is jurisdictional. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo.App.E.D.2004). Failure to file an application for review in a timely manner divests both the Commission and this Court of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004); *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division of Employment Security has filed a motion to dismiss this appeal, contending we have no jurisdiction. Claimant has not filed a response. In her notice of appeal to this Court, Claimant stated that she had moved twice since filing for unemployment benefits, so she failed to receive the notice from the Appeals Tribunal in a timely fashion. Claimant has a responsibility to inform the Division of Employment Security of any address changes and her failure to do so is negligent. Even if she were not negligent, the statute provides no mechanism for extending the deadline for filing an application for review. *Id.*

the Employer withdrew its appeal from a deputy's determination that she is entitled

The Division's motion to dismiss is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.

to benefits. Accordingly, we do not address this decision.