Cheryl **FLOWERS**, Claimant/Appellant,

v.

**I CARE CNA SERVICES, INC., and Division of Employment Security, Respondents.**

No. ED 85308.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 25, 2005.

Cheryl Flowers, St. Louis, MO, pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

GEORGE W. DRAPER, III, Chief Judge.

Cheryl Flowers (Claimant) appeals from the Labor and Industrial Relations Commission (Commission) decision denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

After a deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits, Claimant appealed to the Appeals Tribunal. After a hearing, the Appeals Tribunal affirmed the deputy's decision. The Appeals Tribunal mailed its decision to Claimant on July 21, 2004. Claimant filed an application for review with the Commission on September 8, 2004. The Commission denied the application for review, concluding it was untimely under section 288.200, RSMo 2000. Claimant now appeals to this Court.

Claimant has only thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on July 21, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on August 20, 2004. Section 288.200.1. Claimant's application for review to the Commission was postmarked September 8, 2004, beyond the 30-day time limit. Therefore, Claimant's application for review was untimely.

This Court has a duty to examine its jurisdiction *sua sponte. Thomas v. St. Martin's Childcare Center,* 127 S.W.3d 704, 705 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed.

She states that two letters were misdirected to her neighbor, who did not give them to her for a few days.

While we may sympathize with Claimant's plight, the timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Haislar v. Haislar Const. Co. Inc.,* 142 S.W.3d 210, 212 (Mo.App. E.D.2004). Despite Claimant's reasons for her late filing, her failure to file a timely application for review divests the Commission and this Court of jurisdiction. *Mack v. Social Sec. Admin.,* 141 S.W.3d 85, 86 (Mo.App. E.D.2004).

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.