Pamela MANKA, Claimant/Appellant,

v.

SHOP N SAVE WAREHOUSE FOODS, INC., and Division of Employment Security, Respondents.

No. ED 85599.

Missouri Court of Appeals, Eastern District, Division Five.

March 8, 2005.

Pamela Manka, Kirkwood, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO, Robert W. Stewart, Corey L. Franklin, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Pamela Manka (Claimant) applied for unemployment benefits after her job at Shop N Save Warehouse Foods, Inc. (Employer) was terminated. A deputy concluded that Claimant was eligible for such benefits. Employer appealed to the Appeals Tribunal of the Division of Employment Security (Division), which concluded that Claimant was ineligible for benefits because she had been terminated for misconduct connected with her work. Claimant then appealed to the Labor and Industrial Relations Commission (Commission), which dismissed her application for review because it was untimely. Claimant appeals to this Court. We dismiss the appeal for lack of jurisdiction.

In an unemployment compensation case, Claimant has only thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on August 17, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on September 16, 2004. Section 288.200.1. Claimant's application for review to the Commission was faxed to the Division on November 4, 2004, beyond the 30–day time limit. Therefore, Claimant's application for review was untimely.

This Court has a duty to examine its jurisdiction *sua sponte. Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo.

App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. She filed a response in which she contends her application for review was late due to a glitch in her computer.

The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Robinson v. Dynacraft, Inc.,* 142 S.W.3d 213, 214 (Mo.App. E.D.2004). Failure to comply with the statutory time limit for appeal results in a lapse of jurisdiction and the loss of the right to appeal. *Mack v. Social Sec. Admin.,* 141 S.W.3d 85, 86 (Mo.App. E.D.2004). The failure to file a timely application for review divests both the Commission and this Court of jurisdiction. *Id.* Despite Claimant's reasons for her late appeal, the statute provides no exceptions for lateness. Our only recourse is to dismiss her appeal.

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.