**Vernea DOUGLAS, Claimant/Appellant,**

v.

**BURLINGTON COAT FACTORY,
and Division of Employment
Security, Respondents.**

No. ED 85690.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 12, 2005.

Vernea Douglas, St. Louis, MO, for appellant.

Cynthia A. Quetsch, Jefferson City, MO, Burlington Coat Factory Warehouse Bridgeton, Inc., Burlington, NJ, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Vernea Douglas (Claimant) applied for unemployment benefits after she quit her job at Burlington Coat Factory. A deputy concluded that Claimant was ineligible for unemployment benefits, because she had voluntarily quit her job without good cause attributable to work or her employer. She appealed to the Appeals Tribunal of the Division of Employment Security, which affirmed the deputy's decision. Claimant then appealed to the Labor and Industrial Relations Commission (Commission), which dismissed her application for review because it was untimely. Claimant appeals to this Court. We dismiss the appeal for lack of jurisdiction.

In an unemployment compensation case, Claimant has only thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on October 12, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on November 12, 2004. Sections 288.200.1; See also, Section 288.240, RSMo 2000 (November 11, 2004 was a legal holiday). The record on appeal establishes that Claimant's application for review to the Commission was faxed on November 15, 2004. A faxed application for review is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–4.010(1)(C). Therefore, Claimant's application for review was untimely.

This Court has a duty to examine its jurisdiction *sua sponte. Crowden v. General Sign Co.,* 133 S.W.3d 562, 562 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. She filed a response in which she contends she faxed her application for review on October 27, 2004, which was timely. After she failed to receive an acknowledgment letter from the Commission, she faxed it again on November 15, 2004. She includes a copy of her fax cover sheet, which has the handwritten date of October 27, 2004 on it. However, she does not include any proof that her fax was actually sent on that date, such as a receipt from her fax machine. The record on appeal does not indicate Claimant's application for review was faxed on October 27, 2004. The only application for review in the record is one with a fax machine date of November 15, 2004 on it. We are bound by the record on appeal. *Haislar v. Haislar Const. Co., Inc.,* 142 S.W.3d 210, 212 (Mo.App. E.D. 2004).

The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance.

*Robinson v. Dynacraft, Inc.,* 142 S.W.3d 213, 214 (Mo.App. E.D.2004). Failure to comply with the statutory time limit for appeal results in a lapse of jurisdiction and the loss of the right to appeal. *Freeman v. Plaza Motors Co.,* 128 S.W.3d 613, 614 (Mo.App. E.D.2004). The failure to file a timely application for review divests both the Commission and this Court of jurisdiction. *Id.* Our only recourse is to dismiss her appeal.

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.