Shirley TRUEL, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 86224.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2005.

Shirley Truel, Union, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO,
for Respondent.

GEORGE W. DRAPER III, Chief
Judge.

Shirley Truel (Claimant) appeals from
the Labor and Industrial Relations Com-
mission (Commission) decision dismissing
her application for review as untimely.
We dismiss the appeal for lack of jurisdic-
tion.

A deputy of the Division of Employment
Security (Division) determined that Claim-
ant was ineligible from receiving unem-
ployment benefits, because she had not
earned five or ten times her weekly benefit
since the filing date of a previous unem-
ployment claim. Claimant appealed to the
Appeals Tribunal, which dismissed her ap-
peal. The Appeals Tribunal mailed its de-
cision to Claimant on January 26, 2005.
Claimant filed an application for review
with the Commission on February 26,
2005. The Commission dismissed the ap-
plication for review, concluding it was un-
timely under section 288.200, RSMo 2000.
Claimant now appeals to this Court.

Claimant has only thirty (30) days
from the mailing of the Appeals Tribunal
decision to file an application for review
with the Commission. Section 288.200.1.
Here, the Appeals Tribunal certified that it
mailed its decision to Claimant on January
26, 2005. Therefore, Claimant's applica-
tion for review to the Commission was due

thirty days later, on February 25, 2005. Section 288.200.1. Claimant's application for review to the Commission was postmarked February 26, 2005. Therefore, Claimant's application for review was untimely.

Respondent has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to this motion. However, in her notice of appeal to this Court, Claimant asserted that Saturdays and Sundays should not be considered in counting the thirty days. She also asserted that the Court should consider the mail takes two to three days to be delivered.

 The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo.App.E.D. 2004). Because of the strict compliance required to meet the time deadlines, the statutes do provide some assistance in complying with those requirements. First, although Claimant's assertion that Saturdays and Sundays should not be considered in counting the thirty days has no merit, if the last day for filing an application for review falls on a Saturday, Sunday or legal holiday, "the filing shall be deemed timely if accomplished on the next day which is neither a Saturday, Sunday, nor a legal holiday." Section 288.240, RSMo 2000. Here, the last day for filing Claimant's application for review was Friday, February 25, 2005. Therefore, this provision in section 288.240 is inapplicable.

In addition, when an application for review is mailed, it is "deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received." Section 288.240. Therefore, the time of mailing is considered in determining when an application for review is filed. Here, Claimant's application for review was post-marked February 26, 2005, which is untimely. There are no other provisions in the statute that would provide exceptions for Claimant's untimely filing. The unemployment statutes do not provide any mechanism for filing a late application for review with the Commission. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 563 (Mo.App. E.D.2004).

Claimant's failure to file a timely application for review divests the Commission, and ultimately this Court, of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004). Respondent's motion to dismiss is granted.

The Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and NANNETTE A. BAKER, JJ., concur.