Warren MARSHALL,
Claimant/Appellant,

v.

IMMACULATE DIVERSIFIED SER-
VICES, INC., and Division of Em-
ployment Security, Respondents.

No. ED 86342.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 23, 2005.

William Marshall, St. Louis, pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Immaculate Diversified Services, Inc., St. Peters., pro se.

GLENN A. NORTON, Chief Judge.

Warren Marshall (Claimant) appeals from a decision by the Labor and Industrial Relations Commission (Commission) dismissing his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On January 27, 2005, a deputy with the Division of Employment Security (Division) determined that Claimant was disqualified for waiting week credit and unemployment benefits because he was discharged for misconduct connected with work. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination. On February 28, 2005, the Appeals Tribunal mailed its decision to Claimant. On April 12, 2005, the Division received Claimant's faxed application for review by the Commission. The Commission dismissed the application because it was not timely filed.

Section 288.200.1 RSMo.2000 provides that a claimant has thirty days from the mailing of the Appeals Tribunal's decision to file an application for review with the Commission. If an application for review is faxed, it is deemed filed on the date the Division's fax machine receives it. *Douglas v. Burlington Coat Factory*, 160 S.W.3d 422 (Mo.App. E.D.2005)(citing 8 C.S.R. 20-4.010(1)(C)). Here, the Appeals Tribunal mailed its decision on February 28, 2005. Claimant's application for review by the Commission was due thirty days later, on March 30, 2005. Section 288.200.1. Because Claimant did not fax his application for review until April 12, 2005, it was untimely.

This Court has a duty to examine our jurisdiction *sua sponte*. *Douglas*, 160 S.W.3d at 422. In an unemployment case, the timely filing of an application for review is jurisdictional and requires strict compliance. *Id.* We issued an order to Claimant directing him to show cause why this appeal should not be dismissed for lack of jurisdiction. Claimant has not filed a response. Claimant's failure to timely file an application for review divests both the Commission and this Court of jurisdiction. *Id.* at 423. Accordingly, Claimant's appeal must be dismissed.

Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J. and BOOKER T. SHAW, J., concur.