Laquita McDUFFIE,
Claimant/Appellant,

v.

IBC, INC., and Division of
Employment Security,
Respondents.

No. ED 86502.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 20, 2005.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Laquita McDuffie, St. Louis, MO, Appellant acting pro se.

GLENN A. NORTON, Chief Judge.

Laquita McDuffie (Claimant) appeals from the Labor and Industrial Relations Commission (Commission) decision dismissing her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from unemployment benefits because she left work voluntarily without good cause attributable to her work her employer. Claimant appealed to the Appeals Tribunal, which dismissed her appeal. On March 31, 2005, the Appeals Tribunal mailed its written decision to Claimant. At the bottom of its decision, the Appeals Tribunal sets forth "Appeal Rights," which advised Claimant that if she disagreed with the decision, she could file an application for review to the Labor and Industrials Relations Commission within thirty (30) days from the date of the decision. Claimant filed an application for review with the Commission on May 13, 2005. The Commission dismissed the application for review, concluding it was untimely. Claimant now appeals to this Court.

Section 288.200.1, RSMo 2000, provides that a claimant has only thirty (30) days from the mailing of the Appeals Tribunal

decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on March 31, 2005. Therefore, Claimant's application for review to the Commission was due thirty days later. Section 288.200.1. Claimant filed her application for review to the Commission on May 13, 2005, which is outside the thirty-day time limit.

 This Court issued an order directing Claimant to show cause why her appeal should not be dismissed. Claimant has not filed a response to this order. The information provided to Claimant with the Appeals Tribunal's decision clearly informed Claimant that she had to file an application for review within thirty days. The untimely filing of the application for review is a fatal error. The unemployment statutes provide no mechanism for filing a late application for review with the Commission. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 563 (Mo.App. E.D. 2004). In addition, the timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Guebert v. Professional Installers, Inc.*, 128 S.W.3d 615, 615 (Mo. App.E.D.2004). Claimant's failure to file a timely application for review divests the Commission, and ultimately this Court, of jurisdiction. *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D. 2004).

The Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J. and BOOKER T. SHAW, J., concur.