Jerry LOTTS, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 88133.

Missouri Court of Appeals, Eastern District, Division Five.

July 18, 2006.

Jerry Lotts, St. Louis, MO, acting pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, C.J.

Claimant Jerry Lotts appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review regarding his unemployment benefits. We dismiss the appeal.

The Division of Employment Security sent Claimant a notice of order of assessment of overpaid unemployment benefits. Claimant filed a petition for reassessment with the Appeals Tribunal. On May 10, 2005, the Appeals Tribunal issued a decision affirming the order of assessment. Almost one year later, on April 24, 2006, Claimant filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an

---

1. Fenlon's companion motion for sanctions is denied.

application for review with the Commission. Section 288.200.1, RSMo 2000. Claimant filed his application for review with the Commission well past the thirty-day limit. Indeed, his application was filed almost one year after the Appeals Tribunal's decision. There are no exceptions to the thirty-day requirement and the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

The Division has filed a motion to dismiss the appeal, contending this Court also has no jurisdiction over Claimant's case. Indeed, this Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Id.; Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D. 2005). Claimant has not filed a response to this motion.

Because the statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case, our only recourse is to dismiss the appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.