Lisa HARRISON, Claimant/Appellant,

v.

Don DARR PONTIAC, INC., and Division of Employment Security, Respondents.

No. ED 88437.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 29, 2006.

Lisa Harrison, Ellisville, MO, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, C.J.

Lisa Harrison (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review regarding her unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which also denied unemployment benefits. Claimant then filed an applica-

tion for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement and the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

The Appeals Tribunal mailed its decision to Claimant on May 4, 2006. The application for review was due thirty days later, on June 5, 2006. Section 288.200.1. Claimant filed her application for review on June 19, 2006, and it was untimely.

The Division has filed a motion to dismiss the appeal. Claimant has not filed a response. The statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The lateness of the application for review automatically deprives the Commission, and ultimately this Court, of jurisdiction over the merits of her case. *Truel v. Division of Employment Security,* 166 S.W.3d 131, 132 (Mo.App. E.D.2005); *Moore v. Northview Village, Inc.,* 125 S.W.3d 347, 348 (Mo.App. E.D.2004). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, and PATRICIA L. COHEN, JJ., concur.