Charlotte JOST, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 88519.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 19, 2006.

Charlotte Jost, Arnold, pro se.

Cynthia A. Quetsch, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, C.J.

Charlotte Jost (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review regarding her unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits after concluding she had failed, without good cause, to either apply for or accept suitable work. Claimant sought review of that decision with the Appeals Tribunal, which dismissed her appeal. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss the appeal. The Division asserts that Claimant filed her application for review with the Commission in an untimely fashion and that this untimeliness deprives this Court of jurisdiction. Claimant has not filed a response.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. In this case, the Appeals Tribunal mailed its decision to Claimant on May 2, 2006. Under section 288.200.1, her application for review was due thirty days later, on June 1, 2006. Claimant sent her application for review to the Commission by facsimile on June 23, 2006. Any application for review required to be filed with the Commission is deemed filed on the date received if filed by facsimile. 8 C.S.R. 20–2.010(4). Claimant's application for review was deemed filed on June 23, 2006 and is untimely.

The unemployment statutes fail to provide any exception to the thirty-day requirement and provide no mechanism for allowing an untimely application for review in an unemployment case. *Brown v. MO-CAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). The lateness of an application for review automatically deprives the Commission, and ultimately this Court, of jurisdiction over the merits of her case. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.