**Reginald GRIFFIN, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 89226.**

Missouri Court of Appeals, Eastern District, Division Five.

March 6, 2007.

Reginald Griffin, St. Louis, MO, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Reginald Griffin (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the cancellation of wage credits. Claimant's appeal is dismissed.

A deputy of the Division of Employment Security (Division) determined that claimant had been overpaid unemployment benefits and cancelled certain wage credits accrued by Claimant. The Appeals Tribunal affirmed the deputy's decision. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division argues that Claimant's application for review with the Commission was untimely and therefore the Commission and this Court lack jurisdiction to review his case. Claimant has not filed a response to the Division's motion.

Section 288.200.1 RSMo.2000 provides that an aggrieved party in an unemployment matter has thirty days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. The statute sets forth no exception to the thirty-day requirement. As a result, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Butler v. M.W.S. Enterprises, Inc.*, 199 S.W.3d 912, 913 (Mo.App. E.D.2006).

Here, the Appeals Tribunal mailed its decision to Claimant on September 15, 2006. Under section 288.200.1, Claimant's application for review was due on Monday, October 16, 2006. Section 288.240 RSMo. 2000 (if the last day for filing is a Saturday, Sunday or legal holiday, the filing is

due on the next business day). Claimant filed his application for review with the Commission by facsimile on November 21, 2006. Claimant's application for review was untimely. Without a timely application for review, the Commission lacked jurisdiction. *Id.; Howse v. Lou Fusz Motor Co.,* 131 S.W.3d 851, 852 (Mo.App. E.D. 2004). This Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither does this Court. *Id.* Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.