**Prentice HYDE, Jr., Appellant,**

v.

**HARRIS BEST CARE, INC.,
and Division of Employment
Security, Respondents.**

**No. ED 89300.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 2007.

Prentice Hyde, Jr., St. Louis, MO, appellant Acting Pro Se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

Harris Best Care, Inc., St. Louis, MO, respondent Acting Pro Se.

BOOKER T. SHAW, Chief Judge.

Prentice Hyde, Jr. (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review regarding his unemployment benefits. Claimant's appeal is dismissed.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unem-

ployment benefits. Claimant appealed to the Appeals Tribunal of the Division. The Appeals Tribunal dismissed his appeal and Claimant filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal, contending Claimant's application for review with the Commission was untimely and therefore the Commission and this Court lack jurisdiction to review his case. Claimant has not filed a response to the Division's motion.

 The unemployment statutes provide that an aggrieved party make seek review of an Appeals Tribunal decision by filing an application for review with the Commission within thirty days from the mailing of the Appeals Tribunal decision. Section 288.200.1, RSMo 2000. The statute sets forth no exception to the thirty-day requirement. As a result, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Butler v. M.W.S. Enterprises, Inc.,* 199 S.W.3d 912, 913 (Mo.App. E.D.2006).

Here, the Appeals Tribunal mailed its decision to Claimant on November 2, 2006. Under section 288.200.1, Claimant's application for review was due on Monday, December 4, 2006. Section 288.240 RSMo 2000 (if the last day for filing is a Saturday, Sunday or legal holiday, the filing is due on the next business day). Claimant filed his application for review with the Commission by facsimile on December 7, 2006, and it is deemed filed that day. Claimant's application for review was untimely. Without a timely application for review, the Commission lacked jurisdiction. *Howse v. Lou Fusz Motor Co.,* 131 S.W.3d 851, 852 (Mo.App. E.D.2004). This Court's jurisdiction is derived from that of the Commission, and if it does not have

jurisdiction, then neither does this Court. *Id.* Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.