**TARA YOUNG, Claimant/Appellant,**

v.

**ESI MAIL PHARMACY SERVICE, INC., and Division of Employment Security, Respondents.**

**No. ED 90004.**

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 4, 2007.

Tara Young, (pro se), St. Louis, MO, for appellant.

Matthew Ryan Heeren, Jefferson City, MO, for respondents.

ESI Mail Pharmacy Service Inc., Nashville, TN, pro se.

PATRICIA L. COHEN, Chief Judge.

Tara Young (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review regarding her unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) granted Claimant's application for unemployment benefits. Her employer, ESI Mail Pharmacy Service, Inc. (Employer) filed an appeal with the Appeals Tribunal of the Division. On March 30, 2007, the Appeals Tribunal issued a decision reversing the deputy's determination and concluding Claimant was disqualified form receiving benefits. On May 4, 2007, Claimant filed an application for review with the Commission. The Commission dismissed her application as untimely under section 288.200, RSMo 2000. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal mailed its decision to Claimant on March 30, 2007. The application for review was due thirty days later, on Monday, April 30, 2007. Section 288.200.1; Section 288.240, RSMo 2000 (if the thirtieth day falls on a weekend or holiday, the deadline is extended to the next week day). Claimant filed her application for review by sending it by facsimile on May 4, 2007. Therefore, her application for review was untimely under section 288.200.1, which provides no exceptions in the statute to the thirty-day requirement. Without any provision for a late application for review, the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MO-CAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

This Court's jurisdiction is derived from that of the Commission, and if it lacks jurisdiction, then so do we. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, J., and
NANNETTE A. BAKER, J., Concur.