Joseph CONLEY, Claimant/Appellant,

v.

MITCH MURCH'S MAINTENANCE MANAGEMENT COMPANY, and Division of Employment Security, Respondents.

No. ED 90274.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 30, 2007.

Joseph Conley, St. Louis, MO, pro se.

Mitch Murch's Maintenance Management Co., St. Louis, MO, Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Joseph Conley (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review regarding his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded Claimant was disqualified from receiving unemployment benefits. Claimant filed an appeal with the Appeals Tribunal of the Division. On April 13, 2007, the Appeals Tribunal issued a decision affirming the deputy's determination with a slight modification. On July 24, 2007, Claimant filed an application for review with the Commission. The Commission dismissed the application as untimely under section 288.200, RSMo 2000. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review this appeal. Claimant has not filed a response to the motion.

The unemployment statutes provide that an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal mailed its decision to Claimant on April 13, 2007. The application for review was due thirty days later, on Monday, May 14, 2007. Section 288.200.1; Section 288.240, RSMo 2000 (if the thirtieth day falls on a weekend or holiday, the deadline is extended to the next week day). Claimant filed his application for review by mailing it and the postmark on the envelope was July 24, 2007. Therefore, the application for review was untimely under section 288.200.1, which provides no exceptions in the statute to the thirty-day requirement.

Without any provision for a late application for review, the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo. App. E.D.2003). This Court's jurisdiction is derived from that of the Commission, and if it lacks jurisdiction, then so do we. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D. 2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.