**Timothy R. BROWN, Claimant/Appellant,**

v.

**MOCAP, INC., and Division of Employment Security, Respondents.**

**No. ED 82465.**

Missouri Court of Appeals, Eastern District, Division Five.

May 20, 2003.

Timothy R. Brown, Bonne Terre, MO, pro se.

MOCAP, Park Hills, MO, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Timothy R. Brown, appeals the decision of the Labor and Industrial Relations Commission dismissing his application for review as untimely. The respondent, Division of Employment Security, has filed a motion to dismiss the appeal contending this Court is without jurisdiction. The claimant has filed no

response to the motion. We dismiss the appeal for lack of jurisdiction.

On September 25, 2002, a deputy from the Division of Employment Security concluded that the claimant was disqualified from unemployment benefits because he left his work without good cause attributable to his work or his employer. The claimant filed a timely appeal to the Appeals Tribunal, which dismissed his appeal after he failed to respond to a notice for a telephone hearing. The Appeals Tribunal mailed its decision to the claimant on November 1, 2002. The claimant then filed an application for review with the Commission on December 27, 2002. The Commission dismissed the claimant's application for review because it was untimely.

Section 288.200, RSMo 2000, requires that an application for review to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal decision. Here, the Appeals Tribunal mailed its decision to the claimant on November 1, 2002. Therefore, the claimant's application for review was due on Monday, December 2, 2002. Section 288.200; section 288.240, RSMo 2000. The claimant's application for review was not filed until December 27, 2002. Therefore, it was untimely.

The timely filing of an application for review in an administrative case is jurisdictional. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Id.* Our jurisdiction is derived from that of the Commission and, if it does not have jurisdiction, then neither do we. *Id.* Section 288.200 does not provide for late filing and does not recognize any exceptions for filing out of time. *Id.* The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc.*

*v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997).

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.