**Sharon LOEFFLER, Appellant,**

v.

**SHOP N SAVE and Division of
Employment Security,
Respondents.**

**No. ED 83284.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 25, 2003.

Sharon Loeffler, O'Fallon, pro se.

Shop in Save St. Louis, Inc., Kirkwood, pro se.

Ronald Joe Miller, Jefferson City, Alan J. Downs, Division of Employment, St. Louis, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

Sharon Loeffler (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for unemployment benefits. Because Claimant filed an untimely notice of appeal, we dismiss the appeal for lack of jurisdiction.

Claimant filed a claim for unemployment benefits. Subsequently, a deputy with the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits because she left her work voluntarily without good cause attributable to her work or her employer. Claimant appealed to the Appeals Tribunal, which mailed to her a Notice of Telephone Hearing. Claimant failed to follow the instructions on the notice, and as a result, the Appeals Tribunal dismissed her appeal. Claimant then filed an application for review with the Commission, which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified that she mailed a copy of the Commission's decision to Claimant on July 3, 2003. Claimant filed a notice of appeal with this Court on August 6, 2003. We issued an order to Claimant directing her to show cause why this appeal should not be dismissed as untimely. Claimant filed no response to our order.

An aggrieved party has twenty days to appeal a final decision of the Commission. Section 288.210.[1] The Commission's decision becomes final ten days after the date it is mailed to the parties. Section 288.200.2. Here, the Commission mailed its decision to Claimant on July 3, 2003. The decision became final ten days later on July 13, 2003. Claimant's notice of appeal was due August 2, 2003, within twenty days after the decision became final. Because August 2, 2003 was a Saturday, Claimant actually had until August 4, 2003 to file her notice of appeal. Section 288.240. Claimant filed her notice of appeal on August 6, 2003. Therefore, Claimant's notice of appeal was untimely.

In employment security cases, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. St. Louis County Health Dept.,* 84 S.W.3d 524, 525 (Mo.App.E.D.2002). Further, in employment security cases, the procedures outlined for appeal by statute are mandatory, and Section 288.210 provides no mechanism for filing a late notice of appeal. *Id.* Accordingly, because Claimant filed an untimely notice of appeal, we dismiss the appeal for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.