**Michael CROWDEN,**
**Claimant/Appellant,**

v.

**GENERAL SIGN COMPANY, and**
**Division Of Employment**
**Security, Respondents.**

**No. ED 84068.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 2004.

Michael A. Crowden, Cape Girardeau, pro se.

Cynthia Ann Quetsch, Jefferson City, for respondent.

General Sign Company, Cape Girardeau, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Michael Crowden (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security denied Claimant unemployment benefits, concluding he left work voluntarily without good cause attributable to his work or his employer. Claimant appealed

to the Appeals Tribunal, stating he had been forced to resign after he tested positive for alcohol at work. The Appeals Tribunal scheduled a telephone hearing, but Claimant chose not to participate in the hearing. The Appeals Tribunal dismissed Claimant's appeal, mailing its decision to Claimant on October 30, 2003. Claimant filed an application for review with the Commission. The Commission denied the application for review, concluding it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on October 30, 2003. Therefore, Claimant's application for review to the Commission was due on November 29, 2003. Section 288.200.1. Claimant's application for review to the Commission was postmarked December 8, 2003. When an application for review is mailed, it is "deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received." Section 288.240. Therefore, Claimant's application for review was untimely.

This Court has an obligation to examine its jurisdiction *sua sponte*. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo.App. E.D.2003). We issued an order to Claimant directing him to show cause why his appeal should not be dismissed. Claimant has not filed a response. However, in his notice of appeal to this Court, Claimant states he was unable to properly file his prior appeals because he was in the hospital and a rehabilitation facility. Unfortunately, the unemployment statutes do not provide any mechanism for filing a late application for review with the Commission. *Eggering v. Delmar Gardens Enter-prises, Inc.*, 105 S.W.3d 853, 854 (Mo.App. E.D.2003). The timely filing of an application for review in an unemployment case is jurisdictional and requires strict compliance. *Id.* Claimant's failure to file a timely application for review divests the Commission of jurisdiction. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D. 2003). Because our jurisdiction is derived from that of the Commission, if it does not have jurisdiction, then neither do we. *Id.*

Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

1. All statutory references are to RSMo 2000, unless otherwise indicated.