**Rose JOYNER, Claimant/Appellant,**

v.

**The MAY DEPARTMENT STORES CO. and Division of Employment Security, Respondents.**

**No. ED 86085.**

Missouri Court of Appeals, Eastern District, Division Five.

July 19, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 6, 2005.

Application for Transfer Denied Nov. 1, 2005.

Rose Joyner, St. Louis, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent The May Department Stores Company.

GEORGE W. DRAPER III, Chief Judge.

Rose Joyner (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her unemployment benefits. Claimant's notice of appeal to this Court is untimely. As a result, we have no jurisdiction and dismiss Claimant's appeal.

Claimant applied for unemployment benefits. A deputy of the Division of Employment Security concluded that Claimant was ineligible for unemployment benefits, because she left work voluntarily without good cause attributable to her work. Claimant filed an appeal with the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal modified the deputy's determination, but concluded Claimant was disqualified for benefits until she earned wages in insured work equal to ten times her weekly benefit amount. Claimant appealed to the Labor and Industrial Relations Commission (Commission), which affirmed the decision of the Appeals Tribunal. The Secretary of the Commission certified she mailed the Commission's decision to Claimant on February 18, 2005. Claimant appealed to this Court by filing a notice of appeal with the Commission by mail on March 29, 2005.

Once the Commission's decision is mailed to the parties, it becomes final ten days thereafter. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal a final decision of the Commission. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on February 18, 2005. The decision became final ten days later on February 28, 2005. Section 288.200.2. Her notice of appeal was due on Monday,

March 21, 2005. Section 288.210; Section 288.240, RSMo 2000. The postmark on Claimant's notice of appeal was March 29, 2005, which is untimely.

This Court has a duty to examine its jurisdiction *sua sponte*. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo. App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. Claimant states that she received the paperwork "way after" the postmarked date. Despite Claimant's reasons for filing her notice of appeal late, section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

The Claimant's appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J., and NANNETTE A. BAKER, J., concur.