Rex YOUNG, Claimant/Appellant,

v.

HISTORIC LEMP BREWERY, L.L.C.
and Division of Employment
Security, Respondents.

No. ED 86690.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 2005.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Rex Young, St. Louis, MO, pro se.

Historic Lemp Brewery, L.L.C., St. Louis, MO, pro se.

GLENN A. NORTON, Chief Judge.

Rex Young (Claimant) appeals from the decision of the Labor and Industrial Relations Commission dismissing his application for review as untimely. Because this Court is without jurisdiction, his appeal is dismissed.

A deputy from the Division of Employment Security determined that Claimant was disqualified from receiving unemployment benefits because he was discharged from work for aggravated misconduct connected with his work. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination on May 11, 2005. Claimant filed an application for review with the Commission on June 13, 2005. The Commission dismissed Claimant's application for review on June 29, 2005. Claimant filed a notice of appeal to this Court on July 30, 2005.

The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. A claimant then has twenty days to appeal the Commission's final decision. Section 288.210, RSMo 2000. Here, the Secretary for the Commission mailed its decision to Claimant on June 29, 2005. The decision became final ten days later and Claimant's notice of appeal was due on July 29, 2005. Section 288.200.2; Section 288.210. Claimant filed his notice of appeal by facsimile on July 30, 2005, which is untimely.

This Court has a duty to examine its jurisdiction *sua sponte. Crowden v. General Sign Co.,* 133 S.W.3d 562, 562 (Mo. App. E.D.2004). We issued an order directing Claimant to show cause why his appeal should not be dismissed. Claimant has not filed a response to the order. Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save,* 121 S.W.3d 261, 261 (Mo.App.E.D.2003).

In addition, Claimant's application for review to the Commission was dismissed as untimely. Failure to file a timely application for review divests the Commission of jurisdiction. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Because our jurisdiction is derived from that of the Commission, if it does not have jurisdiction, then neither do we. *Id.*

The Claimant's appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, and BOOKER T. SHAW, JJ., concur.