**Mary JOHNSON, Claimant/Appellant,**

v.

**AMPLEFORTH ENTERPRISES, INC, and Division of Employment Security, Respondents.**

**No. ED 87100.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 20, 2005.

Ampleforth Enterprises, Inc., St. Louis, MO, respondent acting pro se.

Mary Johnson, St. Louis, MO, appellant acting pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent Labor and Industrial Relations Commission.

GLENN A. NORTON, C.J.

Claimant Mary Johnson appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review as untimely. We dismiss her appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which affirmed the deputy's decision. Claimant filed an application for review with the Commission, which dismissed her application as untimely. Claimant has now appealed to this Court. The Division has filed a motion to dismiss Claimant's appeal, contending her failure to file a timely application for review deprives this Court of jurisdiction. Claimant has not filed a response to the motion.

In the statutes governing unemployment matters, section 288.200.1, RSMo 2000, provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. The Appeals Tribunal mailed its decision to Claimant on July 25, 2005. Her application for review was due thirty days later, on August 24, 2005. Section 288.200.1. Claimant filed her application for review on August 25, 2005, and it was untimely.

The statute provides no exceptions to this time requirement. Indeed, the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D.2003). In addition, this Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Id.* Because there is no mechanism for the filing out of time in an unemployment case, our only recourse is to dismiss the appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855

(Mo.App. E.D.2000). The Division's motion to dismiss is granted.

The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.