Davida EDWARDS,
Claimant/Appellant,

v.

DISMAS HOUSE OF ST. LOUIS,
and Division of Employment
Security, Respondents.

No. ED 86959.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 20, 2005.

Dismas House of St. Louis, St. Louis, MO, respondent acting pro se.

Davida Edwards, Hazelwood, MO, appellant acting pro se.

Cynthia A. Quetsch, Jefferson City, MO, for respondent Labor and Industrial Relations Commission.

GLENN A. NORTON, C.J.

Claimant Davida Edwards appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review in her unemployment case. We dismiss her appeal, because she did not file her application for review with the Commission in a timely fashion, depriving the Commission and this Court of jurisdiction over her case.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which affirmed the deputy's decision. Claimant filed an application for review with the Commission, which dismissed her application as untimely. Claimant has now appealed to this Court.

Section 288.200.1, RSMo 2000, provides a claimant in an unemployment case with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. The statute provides no exceptions to this time requirement. Indeed, the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). In addition, this Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Id.*

The Appeals Tribunal mailed its decision to Claimant on June 10, 2005. Her application for review was due thirty days later, on Monday, July 11, 2005. Section 288.200.1; Section 288.240, RSMo 2000. Claimant filed her application for review almost one month later, on August 8, 2005, and it was untimely. Without a timely application for review, the Commission, and thus, this Court, are without jurisdiction.

We issued an order directing Claimant to show cause why her appeal should not be dismissed. Claimant has not filed a response. As stated, there is no mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855

(Mo.App. E.D.2000). Our only recourse is to dismiss the appeal.

The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.