Charleen STOGSDILL,
Claimant/Appellant,

v.

BJC HEALTHCARE and Division
of Employment Security,
Respondents.

No. ED 87433.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 14, 2006.

Charleen Stogsdill, Arnold, MO, pro se.

Cynthia A. Quetsch, Jefferson City, Gail Powers, BJC Corp. Attorney, Saint Louis, MO, for Respondent.

GLENN A. NORTON, C.J.

Claimant Charleen Stogsdill appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review as untimely. We dismiss her appeal.

The Division of Employment Security denied Claimant's application for unemployment benefits, after concluding that she was discharged from her employment for misconduct. Claimant sought review of that decision with the Appeals Tribunal, which dismissed her appeal for failing to file a timely notice of appeal. Claimant then filed an application for review with the Commission, which dismissed her application as untimely. Claimant has now appealed to this Court. The Division has filed a motion to dismiss Claimant's appeal, contending her failure to file a timely application for review to the Commission deprives this Court of jurisdiction. Claimant has not filed a response to the motion.

A claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The Appeals Tribunal certified that it mailed its decision to Claimant on September 19, 2005. Therefore, her application for review was due thirty days later on October 19, 2005. Section 288.200.1. Claimant mailed her application for review on November 23, 2005, which is outside the time limitations of section 288.200.

The unemployment statutes provide for no exceptions to the time requirement for

filing an application for review. In addition, the failure to file a timely application for review automatically divests the Commission of jurisdiction and it could only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Because the Commission had no jurisdiction over Claimant's case, this Court has no jurisdiction. *Id.* Our only recourse is to dismiss the appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The Division's motion to dismiss is granted.

The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.