Suvad ARSLANOVIC,
Claimant/Appellant,

v.

KIRKWOOD SCHOOL DISTRICT,
and Division of Employment
Security, Respondents.

No. ED 87200.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 14, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Suvad Arslanovic, Saint Louis, MO, pro se.

Kirkwood School District, Saint Louis, MO, pro se.

GLENN A. NORTON, C.J.

Claimant Suvad Arslanovic appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review as untimely. We dismiss his appeal.

Claimant's notice of appeal to this Court was due twenty (20) days after the Commission's decision was final. Section 288.210, RSMo 2000. The Commission's decision became final ten (10) days after the date of the mailing of its decision to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on August 25, 2005. The decision became final ten days later and Claimant's notice of appeal was due on Monday, September 26, 2005. Section 288.200.2, 288.210, and 288.240, RSMo 2000. Claimant filed his notice of appeal on November 9, 2005 and it is untimely.

This Court has a duty to examine its jurisdiction sua sponte. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo. App. E.D.2004). We issued an order directing Claimant to show cause why this appeal should not be dismissed. Claimant has not filed a response. Section 288.210 makes no provision for late filing of a notice of appeal. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal. *Loeffler v. Shop N Save*, 121 S.W.3d 261, 261 (Mo. App.E.D.2003). Our only recourse is to dismiss the appeal. *Phillips*, 34 S.W.3d at 855.[1]

The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J.,
and BOOKER T. SHAW, J., concur.

---

1. In addition, Claimant's application for review to the Commission was dismissed as untimely. The failure to file a timely application for review automatically divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D. 2003). This Court has no jurisdiction, because our jurisdiction is derived from that of the Commission. *Id.*