**Norma BROWN, Claimant/Appellant,**

v.

**MEMC ELECTRONIC MATERIALS, INC., and Division of Employment Security, Respondents.**

No. ED 87502.

Missouri Court of Appeals, Eastern District, Division Five.

March 14, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Norma Brown, Moscow Mills, MO, pro se.

MEMC Electronic Materials, Inc., St. Peters, MO, pro se.

GLENN A. NORTON, C.J.

Claimant Norma Brown appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review as untimely. We dismiss her appeal.

A deputy of the Division of Employment Security concluded that Claimant was disqualified from receiving unemployment

benefits, because she left her job voluntarily without good cause attributable to her work or employer. Claimant sought review of that decision with the Appeals Tribunal, which affirmed the deputy's decision. Claimant filed an application for review with the Commission, which dismissed her application as untimely. Claimant has now appealed to this Court. The Division has filed a motion to dismiss Claimant's appeal, contending her failure to file a timely application for review deprives this Court of jurisdiction. Claimant has not filed a response to the motion.

The statutes governing unemployment matters provide a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The Appeals Tribunal certified that it mailed its decision to Claimant on August 12, 2005. Therefore, her application for review was due thirty days later, on Monday, September 12, 2005. Section 288.200.1; Section 288.240, RSMo 2000 (if thirtieth day falls on Sunday, the filing is timely if accomplished on next business day). Here, Claimant mailed her application for review on October 20, 2005, which is out of time.

Claimant did not file a response to the Commission's motion. However, in her attachments to her notice of appeal to this Court, Claimant asserted she never received the Appeals Tribunal's decision. The Appeals Tribunal has certified that it mailed the decision to Claimant at her last known address, which appears unchanged. Despite Claimant's assertions, the unemployment statutes provide absolutely no exceptions to the time requirement for filing an application for review. Indeed, the failure to file a timely application for review automatically divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP,* *Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D. 2003).

In addition, this Court has no jurisdiction, because our jurisdiction is derived from that of the Commission. *Id.* Our only recourse is to dismiss the appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The Division's motion to dismiss is granted.

The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.