Gerard ALLEN, Claimant/Appellant,

v.

**ST. CHARLES SCHOOL DISTRICT, and Division of Employment Security, Respondents.**

No. ED 88075.

Missouri Court of Appeals, Eastern District, Division Five.

June 27, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Gerald Allen, Saint Charles, MO, claimant/appellant acting pro se.

St. Charles School District, Saint Charles, MO, respondent acting pro se.

GLENN A. NORTON, C.J.

Claimant Gerard Allen appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review regarding his unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which dismissed his appeal as untimely. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

■ In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement and the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

■ The Appeals Tribunal mailed its decision to Claimant on December 28, 2005. The application for review was due thirty days later, on January 27, 2006. Section 288.200.1. Claimant filed his application for review on March 24, 2006, almost two months past the deadline, and it was untimely. Without a timely application for review, the Commission had no

jurisdiction over Claimant's case. In addition, this Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Brown*, 105 S.W.3d at 855.

The Division has filed a motion to dismiss the appeal. Claimant has not filed a response. However, no matter the reasons for the lateness of the application for review, its lateness automatically deprives the Commission, and ultimately this Court, of jurisdiction over the merits of her case. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D. 2005); *Moore v. Northview Village, Inc.*, 125 S.W.3d 347, 348 (Mo.App. E.D.2004). The statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo. App. E.D.2000). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.