**Timothy POPE, Claimant/Appellant,**

v.

**ROBERTS CONSOLIDATED INDUSTRIES and Division of Employment Security, Respondents.**

**No. ED 87990.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 27, 2006.

---

1. Appellants' Motion to Strike Respondent's Brief is hereby denied.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Timothy Pope, Mexico, MO, Claimant/Appellant acting pro se.

Roberts Consolidated Industries, Mexico, MO, Respondent acting pro se.

GLENN A. NORTON, C.J.

In this unemployment case, Timothy Pope (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response. The Division asserts that this Court is without jurisdiction over Claimant's appeal, because his application for review to the Commission was untimely.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement. The failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Further, if the Commission does not have jurisdiction, this Court is also without jurisdiction, because our jurisdiction is derived from that of the Commission. *Id.*

The Appeals Tribunal mailed its decision to Claimant on April 27, 2005. His application for review to the Commission was due thirty days later, on May 27, 2005. Section 288.200.1. Claimant filed his application for review on March 13, 2006, almost ten months after it was due. The untimely application for review automatically deprived the Commission, and ultimately this Court, of jurisdiction over the merits of his case. *Jones v. Guardian Employer East, L.L.C.*, 87 S.W.3d 893 (Mo.App. E.D.2002). There is no mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE, J., and BOOKER T. SHAW, J., concurring.