Terrence ZEIGLER, Claimant/Appellant,

v.

MICROFINISH COMPANY and Division of Employment Security, Respondents.

No. ED 87988.

Missouri Court of Appeals, Eastern District, Division Five.

June 27, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent.

Terrence Zeigler, Saint Louis, MO, Claimant/Appellant acting pro se.

Microfinish Company, Inc., Saint Louis, MO, Respondent acting pro se.

GLENN A. NORTON, C.J.

In this unemployment case, Terrence Zeigler (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which dismissed his appeal as untimely. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response. The Division asserts that this Court is without jurisdiction over Claimant's appeal, because his application

for review to the Commission was untimely.

In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement. The failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Further, if the Commission does not have jurisdiction, this Court is also without jurisdiction, because our jurisdiction is derived from that of the Commission. *Id.*

The Appeals Tribunal mailed its decision to Claimant on January 26, 2006. The application for review was due thirty days later, on February 27, 2006. Section 288.200.1; section 288.240, RSMo 2000. Claimant filed his application for review on March 31, 2006, which was untimely. The lateness of the application for review automatically deprives the Commission, and ultimately this Court, of jurisdiction over the merits of her case. *Jones v. Guardian Employer East, L.L.C.,* 87 S.W.3d 893 (Mo.App. E.D.2002). The statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concurring.