Caroline FAUSS, Claimant/Appellant,

v.

WALGREEN CO. ILLINOIS, and Division of Employment Security, Respondents.

No. ED 88179.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 1, 2006.

Caroline Fauss, Arnold, pro Se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

In this unemployment case, Caroline Fauss (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review as untimely. We dismiss the appeal.

A deputy for the Division of Employment Security denied Claimant's request for unemployment benefits, concluding that she was disqualified because she left work voluntarily without good cause attributable to her work or employer. Claimant sought review with the Appeals Tribunal, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

In response to the appeal, the Division has filed a motion to dismiss, contending that this Court is without jurisdiction. Claimant has not filed a response to the motion.

The unemployment statutes provide an aggrieved party with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The Appeals Tribunal mailed its decision to Claimant on March 21, 2006. Her application for review with the Commission was due thirty days later, on April 20, 2006. Section 288.200.1. Claimant filed her application for review by fax on April 21, 2006, and it was untimely. An untimely application for review divests the Commission of jurisdiction over the application. *Stogsdill v. BJC Healthcare,* 185 S.W.3d 807, 808 (Mo.App. E.D.2006). There are no exceptions to the thirty-day requirement and the Commission can only dismiss the application for review. *Id.*

Moreover, this Court does not have jurisdiction over Claimant's appeal, because our jurisdiction is derived from the Commission's jurisdiction. *Truel v. Division of Employment Security,* 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Because the statutes fail to provide any mechanism for allowing an untimely application for review in an unemployment case, our only recourse is to dismiss the appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.