Antoine HOWARD, Claimant/Appellant,

v.

ST. LOUIS PUBLIC SCHOOLS, and Division of Employment Security, Respondents.

No. ED 88822.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 26, 2006.

---

Stephen C. Banton, Acting Pro Se, Jennings, MO, for appellant.

Cynthia Ann Quetsch, Attorney, Jefferson City, MO, John David Keen, Attorney, St. Louis, MO, for respondents.

BOOKER T. SHAW, Chief Judge.

Antoine Howard (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review regarding his unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) denied Claimant's application for unemployment benefits, concluding he had left work voluntarily without good cause. Claimant sought review of that decision with the Appeals Tribunal, which dismissed Claimant's appeal as untimely. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal, asserting that his application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review his case. Claimant has not filed a response to the motion.

Pursuant to the unemployment statutes, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement. The failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MO-*

*CAP, Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

Here, the Appeals Tribunal mailed its decision to Claimant on July 18, 2006. Under section 288.200.1, Claimant's application for review was due thirty days later, on August 17, 2006. Claimant filed his application by fax on September 12, 2006. Claimant's application for review was untimely under section 288.200.1. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. This Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Brown,* 105 S.W.3d at 855. Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON, J. and
PATRICIA L. COHEN, J., concur.