Jacqueline CLAY, Claimant/Appellant,

v.

**SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY and Division of Employment Security, Respondents.**

No. ED 88969.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 16, 2007.

Jacqueline Clay, St. Louis, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Jacqueline Clay (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review regarding her unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal, which concluded that Claimant was disqualified from receiving unemployment benefits because she had left work voluntarily without good cause attributable to her work. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that her application for review to the

Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has filed a response to the motion, but fails to address the timeliness of her application for review.

■ In unemployment matters, an aggrieved party has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The statute sets forth no exceptions to the thirty-day requirement and the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003).

■ Here, the Appeals Tribunal mailed its decision to Claimant on September 12, 2006. The application for review was due thirty days later, on October 12, 2006. Section 288.200.1. Claimant filed her application for review on October 24, 2006, and it was untimely under section 288.200.1. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. This Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Brown*, 105 S.W.3d at 855; *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.