**Roger SHAW, Claimant/Appellant,**

v.

**LSI–LOWERY SYSTEMS, INC., and Division of Employment Security, Respondents.**

**No. ED 90659.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 22, 2008.

Roger Shaw, Fenton, MO, pro se.

LSI–Lowery Systems, Inc., Fenton, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Roger Shaw (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review concerning his claim

for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because he was discharged from his employment for misconduct connected with work. Claimant appealed to the Appeals Tribunal of the Division. On August 10, 2007, the Appeals Tribunal issued a decision dismissing Claimant's appeal.[1] On September 12, 2007, Claimant filed an application for review with the Commission. The Commission dismissed his application for review, concluding it was untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

■ In an unemployment case, a claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on August 10, 2007. The application for review was due thirty days later, on Monday, September 10, 2007. Section 288.200.1; Section 288.240, RSMo 2000. Claimant filed his application for review by facsimile on September 12, 2007, and it was untimely under section 288.200.1.

■ The unemployment statutes fail to provide any exception to the thirty-day requirement and thus, the failure to file a timely application for review divests the Commission of jurisdiction. *Brown v.*

*MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Because our jurisdiction is derived from that of the Commission, we also lack jurisdiction. *Blanchard v. Shurn & Associates, Inc.,* 209 S.W.3d 22, 24 (Mo. App. E.D.2006). Therefore, we must dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., concur.

1. The Appeals Tribunal had previously dismissed Claimant's appeal as untimely, but this dismissal was set aside and the Tribunal

conducted a hearing to determine if Claimant had good cause for missing the deadline as set forth in section 288.070.8, RSMo 2000.