Phillis STRAUTHER,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 90598.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 22, 2008.

Phillis Strauther, (pro se) St. Louis, MO, for appellant.

Matthew R. Heeren, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Phillis Strauther (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she had quit her job voluntarily without good cause attributable to her work or employer. Claimant appealed to the Appeals Tribunal of the Division. On August 20, 2007, the Appeals Tribunal issued a decision affirming the deputy's decision. On September 21, 2007, Claimant filed an application for review with the Commission. The Commission dismissed her application for review, concluding it was untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

In an unemployment case, a claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on August 20, 2007. The application for review was due thirty days later, on September 19, 2007. Section 288.200.1. Claimant filed her application for review by facsimile on September 21, 2007, and it was untimely under section 288.200.1.

The unemployment statutes fail to provide any exception to the thirty-day requirement and thus, the failure to file a timely application for review divests the

Commission of jurisdiction. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo. App. E.D.2003). Because our jurisdiction is derived from that of the Commission, we also lack jurisdiction. *Blanchard v. Shurn & Associates, Inc.,* 209 S.W.3d 22, 24 (Mo. App. E.D.2006). Therefore, we must dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, and NANNETTE A. BAKER, JJ., Concur.