**Norman MORRIS, Claimant/Appellant,**

v.

**C.L. SMITH COMPANY and Division of Employment Security, Respondents.**

**No. ED 90857.**

Missouri Court of Appeals, Eastern District, Division Five.

March 18, 2008.

Norman Morris, St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

C.L. Smith Co., St. Louis, MO, pro se.

PATRICIA L. COHEN, Chief Judge.

Norman Morrison (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the denial of unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because he had been discharged from work for misconduct connected with work. In a separate determination, the deputy also concluded that Claimant was disqualified for one week because he had failed to enter the required number of work search contacts. Claimant appealed these decisions to the Appeals Tribunal of the Division, which dismissed his appeal on October 18, 2007. Claimant then filed an

application for review with the Commission. The Commission dismissed his application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal, because this Court has no jurisdiction over the appeal. The Division asserts that Claimant's application for review to the Commission was untimely, which divests both the Commission and this Court of jurisdiction. Claimant has failed to file a response to the motion.

An unemployment claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on October 18, 2007. Therefore, Claimant's application for review was due thirty days later, on Monday, November 19, 2007. Section 288.200.1; Section 288.240, RSMo 2000. Claimant mailed his application for review to the Commission in an envelope postmarked November 26, 2007, which is the date of filing. Section 288.240. Accordingly, the application for review was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, J., and NANNETTE A. BAKER, J., Concur.