Lisa LEWIS, Claimant/Appellant,

v.

ST. CHARLES COUNTY FINANCE DE-PARTMENT and Division of Employment Security, Respondents.

No. ED 91066.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 29, 2008.

Lisa Lewis, (pro se), Warrenton, MO, for appellant.

Matthew R. Heeren Jefferson City, MO, Greg H. Dohrman, St. Charles, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Lisa Lewis (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review of the denial of unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she left work voluntarily without good cause attributable to her work or employer. Claimant appealed this decision to the Appeals Tribunal of the Division, which affirmed the deputy's determination. The Appeals Tribunal decision was mailed to Claimant on November 9, 2007. Claimant then filed an application for review with the Commission, which dismissed her application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal, contending this Court has no jurisdiction over the appeal because of her late application for review to the Commission. Claimant has failed to file a response to the motion.

An unemployment claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on November 8, 2007. Therefore, Claimant's application for review was due thirty days later, on Monday, December 10, 2007. Section 288.200.1; Section 288.240, RSMo 2000. Claimant mailed her application for review to the Commission in an envelope postmarked January 7, 2008. Pursuant to section 288.240, the date of postmark is the date of filing of the application for review. Section 288.240. Accordingly, the application for review was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.