Alice DUNBAR, Claimant/Appellant,

v.

MAW CARES, INC., and Division
of Employment Security,
Respondents.

No. ED 91151.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 27, 2008.

Alice Dunbar (pro se), St. Louis, MO, for appellant.

Margaret Waits (pro se), St. Louis, MO, Matthew Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Alice Dunbar (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review of the denial of unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she had been discharged for misconduct connected with work. Claimant filed an appeal with the Appeals Tribunal of the Division, which dismissed her appeal on February 4, 2008. Claimant then filed an application for review with the Commission. The Commission dismissed her application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal, because this Court has no jurisdiction over the appeal. The Division asserts that Claimant's application for review to the Commission was untimely, divesting both the Commission and this Court of jurisdiction. Claimant has failed to file a response to the motion.

An unemployment claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on February 4, 2008. Therefore, Claimant's application for review was due thirty days later, on March 5, 2008. Section 288.200.1. Claimant faxed her application for review to the Commission on March 6, 2008, which was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.