Serecia TATE, Claimant/Respondent,

v.

## ADMINISTRATIVE SUPPORT SERVICES GROUP, INC., Employer/Appellant,

and

Division of Employment Security, Respondent.

No. ED 91176.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 27, 2008.

Administrative Support Services Group, Inc., St. Louis, MO, pro se.

Serecia Tate, St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Administrative Support Services Group, Inc. (Employer) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing its application for review of the Appeals Tribunal's decision to award Serecia Tate (Claimant) unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she had been discharged for misconduct connected with work. Claimant filed an appeal with the Appeals Tribunal of the Division, which reversed the deputy's determination and concluded she was eligible for unemployment benefits. Employer then filed an application for review with the Commission, which dismissed it as untimely. Employer now appeals to this Court.

The Division has filed a motion to dismiss Employer's appeal. The Division asserts that Employer's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. Employer has failed to file a response to the motion.

An employer has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Employer on January 28, 2008. Employer's application for review was due thirty days later, on February 27, 2008. Section 288.200.1. Employer faxed its application for review to the Commission on March 11, 2008, which was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.