**Charles SMOTHERSON,**
**Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT**
**SECURITY, Respondent.**

**No. ED 91717.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 30, 2008.

Charles Smotherson, St. Louis, MO, pro se.

Matthew Murphy, Div. of Employment Sec., Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

Charles Smotherson (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the Appeals Tribunal's decision under the Trade Act of 1974. We dismiss the appeal.

Claimant applied for trade readjustment assistance (TRA) benefits to cover books and tools as part of his funding for training under the Trade Act of 1974. A workforce development specialist denied his request and Claimant appealed to the Appeals Tribunal of the Missouri Division of Employ-

ment Security (Division). The Appeals Tribunal affirmed the denial of the TRA benefits. Claimant then filed an application for review with the Commission, which dismissed it as untimely. Claimant now appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. Claimant has not filed a response.

 The Trade Act was established to provide TRA benefits as a supplement to state unemployment benefits. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock*, 477 U.S. 274, 277, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986). As a result, Chapter 288 of the Missouri Employment Security law applies to claims for TRA benefits. Under section 288.200.1, RSMo 2000, a claimant who has been denied TRA benefits may file an application for review with the Commission within thirty (30) days from the mailing of the Appeals Tribunal decision. Here, the Appeals Tribunal mailed its decision to Claimant on May 28, 2008. Therefore, his application for review was due thirty days later, on June 27, 2008. Section 288.200.1. Claimant faxed the application for review to the Commission on July 1, 2008, which was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D. 2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J. concur.