Ike **FORTENBERRY**,
Claimant/Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY**, Respondent.

**No. ED 91718.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 30, 2008.

Ike Fortenberry, St. Louis, MO, pro se.

Matthew Murphy, Div. of Employment Sec., Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

Ike Fortenberry (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the Appeals Tribunal's decision to deny him unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because he left work voluntarily without good cause attributable to his work or employer. Claimant filed an appeal with the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed it as untimely. Claimant now appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. Claimant has not filed a response.

■ A claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on June 4, 2008. The application for review was due thirty days later, on Monday, July 7, 2008. Section 288.200.1; Section 288.240, RSMo 2000. Claimant faxed the application for review to the Commission on July 11, 2008, which was untimely under section 288.200.1.

■ There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D. 2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.