Cynthia NEWSOME, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 91772.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 7, 2008.

Cynthia Newsom, St. Louis, MO, pro se.

Matthew Murphy, Division of Employment Security, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

Cynthia Newsome (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review of the Appeals Tribunal's decision regarding unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) assessed an overpayment penalty against Claimant after determining she had been overpaid unemployment benefits due to her willful failure to report all earnings. Claimant filed an appeal with the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed it as untimely. Claimant now appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. Claimant has not filed a response.

A claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on March 25, 2008. The application for review was due thirty days later, on April 24, 2008. Section 288.200.1. Claimant faxed the application for review to the Commission on April 25, 2008, which was untimely under section 288.200.1.

There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Morris v. C.L. Smith Co.*, 247 S.W.3d 587, 588 (Mo.App. E.D.2008). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.