Darrell MURPHY, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 91782.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 7, 2008.

Darrell Murphy, St. Louis, MO, pro se.

Matthew Murphy, Division of Employment Security, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

Darrell Murphy (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the Appeals Tribunal's decision regarding unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from receiving unemployment benefits because he was discharged by his employer for misconduct connected with work. Claimant filed an appeal with the Appeals Tribunal of the Division. The Appeals Tribunal ultimately dismissed Claimant's appeal because he failed to participate in a telephone hearing.[1] Claimant then filed an application for review with the Commission, which dismissed it as untimely. Claimant now appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. Claimant has not filed a response.

■ A claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on June 18, 2008, 2008. The application for review was due thirty days later, on July 18, 2008. Section 288.200.1. Claimant faxed the application for review to the Commission on July 21, 2008, which was untimely under section 288.200.1.

■ There are no exceptions in the unemployment statutes to the thirty-day filing requirement. Filing a timely application for review, therefore, is a jurisdictional requirement in both the Commission and this Court. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.

---

1. The Appeals Tribunal initially determined that Claimant's appeal was untimely and he lacked good cause for its untimeliness. However, the Commission later remanded the case to the Appeals Tribunal for a hearing on the merits after the Appeals Tribunal located a missing letter that Claimant had timely faxed to it.

2003). Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN and
KENNETH M. ROMINES, JJ., concur.