Todd CLINTON, Claimant/Appellant,

v.

LAIDLAW TRANSIT, INC., and Division of Employment Security, Respondents.

No. ED 88684.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 17, 2006.

Eric Tyrone Tolen, St. Louis, MO, appellant Acting Pro Se.

Cynthia A. Quetsch, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, C.J.

Claimant Todd Clinton appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the denial of his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) denied Claimant's application for unemployment benefits, concluding that he was disqualified from receiving them because he had been discharged from his work for misconduct connected with his work. Claimant sought review of that decision with the Appeals Tribunal, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.[1] The Division has filed a

---

1. Claimant has also appealed from the deci-

sion related to the Division's assessment of

motion to dismiss Claimant's appeal. Claimant has filed a response.

An aggrieved party in an unemployment matter has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. The Appeals Tribunal mailed its decision to Claimant on July 3, 2006. Under section 288.200, the application for review was due thirty days later, on August 2, 2006. In his response, Claimant states that "there are exactly thirty (30) days from the date of July 3, 2006 and the date of August 3, 2006." This is erroneous. Beginning with July 4, 2006 as day number one and counting to thirty, the thirtieth day is August 2, 2006, not August 3, 2006. Claimant mailed his application for review on August 3, 2006. It is deemed filed on that date under section 288.240, RSMo 2000, and was untimely.

The unemployment statutes set forth no exceptions to the thirty-day requirement. The failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.*, 105 S.W.3d 854, 855 (Mo.App. E.D.2003). The lateness of the application for review also deprives this Court of jurisdiction over the merits of his case. *Truel v. Division of Employment Security*, 166 S.W.3d 131, 132 (Mo.App. E.D.2005). Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.

---

overpaid benefits. That appeal has been given no. ED88683 and our opinion in that case is being handed down simultaneously with this one.