Andrew GREEN, Claimant/Appellant,

v.

ALLIED WASTE NORTH AMERICA and Division of Employment Security, Respondents.

No. ED 90322.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 6, 2007.

Andrew Green, St. Louis, MO, pro se.

ADP Inc. & James Fric, St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Andrew Green (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review concerning his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits, because he was discharged from his employment for misconduct connected with his work. He appealed to the Appeals Tribunal of the Division. On June 6, 2007, the Appeals Tribunal issued a decision dismissing Claimant's appeal. On August 7, 2007, Claimant filed an application for review with the Commission. The Commission dismissed his application for review, concluding it was untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's application for review to the Commission was untimely and thus, the Commission and this Court are without jurisdiction to review her case. Claimant has not filed a response to the motion.

■ In an unemployment case, a claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on June 6, 2007. The application for review was due thirty days later, on July 6, 2007. Section 288.200.1. Claimant filed his application for review on August 7, 2007, and it was untimely under section 288.200.1.

■ The unemployment statutes fail to provide any exception to the thirty-day requirement. Without any provision for a late application for review, the failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000) This Court's jurisdiction is derived from that of the Commission, and if it lacks jurisdiction, then so do we. *Blanchard v. Shurn & Associates, Inc.,* 209 S.W.3d 22, 24 (Mo.

App. E.D.2006). Accordingly, we must dismiss Claimant's appeal. The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.