Paul FLOTRON, Claimant/Appellant,

v.

INFORMATION SOLUTIONS DESIGN
and Division of Employment
Security, Respondents.

No. ED 90325.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 13, 2007.

Paul Flotron, St. Louis, MO, pro se.

Information Solutions Design, Inc., St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Paul Flotron (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) affirming the denial of his application for unemployment benefits. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security concluded that Claimant was disqualified from receiving unemployment benefits. Claimant appealed this decision to the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant then filed an application for review with the Commission. The Commission affirmed the Appeals Tribunal's decision. Claimant has now appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division asserts that Claimant's notice of appeal to this Court is untimely. As a result, the Division asserts that this Court lacks jurisdiction to review the case. Claimant has not filed a response.

Section 288.210, RSMo 2000, requires that in unemployment cases, a claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on August 21, 2007. Therefore, the notice of appeal was due on September 20, 2007. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission in an envelope postmarked September 24, 2007, and it is deemed filed on that date. Section 288.240, RSMo 2000. The notice of appeal is untimely.

Chapter 288 governing unemployment cases fails to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Curry v. Graybar Elec. Co., Inc.*, 211 S.W.3d 644, 645 (Mo.App. E.D. 2007).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.