Willie PEARSON, Claimant/Appellant,

v.

BOXES OF ST. LOUIS, INC.,
and Division of Employment
Security, Respondents.

No. ED 91105.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 29, 2008.

Willie Pearson, St. Louis, MO, pro se.

Matthew R. Heeren, Jefferson City, MO, for respondents.

Boxes of St. Louis, Inc., St. Louis, MO, pro se.

PATRICIA L. COHEN, Chief Judge.

Willie Pearson (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the denial of unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because he had been discharged from work for misconduct connected with work. Claimant appealed to the Appeals Tribunal of the Division, which dismissed his appeal. The Appeals Tribunal mailed this decision to Claimant on January 14, 2008. Claimant then filed an application for review with the Commission. The Commission dismissed his application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal, asserting this Court has no jurisdiction over the appeal because the application for review to the Commission was untimely. Claimant has not filed a response to the motion.

Under section 288.200.1, RSMo 2000, a claimant for unemployment benefits has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to Claimant on January 14, 2008. Therefore, Claimant's application for review was due thirty days later, on February 13, 2008. Section 288.200.1. Claimant faxed his application for review to the Commission on February 14, 2008, and it was untimely under section 288.200.1.

Failure to file a timely application for review is a jurisdictional requirement in both the Commission and in this Court. *Miller v. Pasta House Co.*, 237 S.W.3d 261, 262 (Mo.App. E.D.2007). The statutes provide no exceptions to the thirty-day filing requirement. Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.