Kquian BLOUNT, Claimant/Appellant,

v.

ENTERPRISE RENT–A–CAR COMPANY and Division of Employment Security, Respondents.

No. ED 91232.

Missouri Court of Appeals, Eastern District, Division Five.

June 10, 2008.

Kquian Blount, St. Louis, MO, pro se.

Enterprise Rent–A–Car, St. Louis, MO, pro se.

Ronald J. Miller, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Kquian Blount (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing her application for review of the denial of unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible to receive unemployment benefits, because she left work without good cause attributable to her work or employer. She filed an appeal with the Appeals Tribunal of the Division, which affirmed the deputy's decision. The Appeals Tribunal mailed this decision to Claimant on January 8, 2008. Claimant then filed an application for review with the Commission. The Commission dismissed the application for review as untimely. Claimant appeals to this Court.

The Division has filed a motion to dismiss Claimant's appeal, asserting this Court has no jurisdiction over the appeal because the application for review to the Commission was untimely. Claimant has not filed a response to the motion.

An aggrieved party may file an application for review with the Commission within thirty (30) days from the mailing of the Appeals Tribunal decision. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal mailed its decision to Claimant on January 8, 2008. Therefore, Claimant's application for review was due thirty days later, on February 7, 2008. Section 288.200.1. Claimant faxed the application for review to the Commission on February 8, 2008, which is untimely under section 288.200.1.

Filing a timely application for review is a jurisdictional requirement in both the Commission and in this Court. *Miller v. Pasta House Co.*, 237 S.W.3d 261, 262

(Mo.App. E.D.2007). If a timely application for review is not filed, then the Commission has no jurisdiction and thus, this Court lacks jurisdiction. The unemployment statutes provide no exceptions to the thirty-day filing requirement. Without jurisdiction over the appeal, we must dismiss it.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

BOOKER T. SHAW, and NANNETTE A. BAKER, JJ., Concur.