Kevin **GRIFFIN, Jr.,**
**Claimant/Appellant,**

v.

**CLIF WILKERSON, INC., and Division of Employment Security,**
**Respondents.**

No. **ED 91733.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 30, 2008.

Kevin Griffin, Jr., St. Louis, MO, pro se.

Matthew Murphy Division of Employment Security, Jefferson City, MO, for respondents.

Clif Wilkerson, Inc., St. Louis, MO, pro se.

NANNETTE A. BAKER, Chief Judge.

Kevin Griffin, Jr. (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision dismissing his application for review of the denial of his unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was eli-

---

gible for unemployment benefits. His employer, Clif Wilkerson, Inc. (Employer), filed an appeal to the Appeals Tribunal of the Division. On March 20, 2008, the Appeals Tribunal reversed the deputy's determination and concluded Claimant was ineligible for benefits. On April 25, 2008, Claimant filed an application for review with the Commission, which dismissed his application as untimely on May 13, 2008.

Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Pursuant to section 288.210, RSMo 2000, an unemployment claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on May 13, 2008. Therefore, the notice of appeal was due on or before June 12, 2008. Sections 288.200.2, 288.210. Claimant sent a letter dated June 20, 2008 seeking an appeal, which the Commission received on July 7, 2008. Even if Claimant mailed the June 20th letter on June 20, 2008, it was untimely under section 288.210.[1]

Chapter 288 governing unemployment cases fails to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Flotron v. Information Solutions Design*, 238 S.W.3d 745, 746 (Mo. App. E.D.2007).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, and
KENNETH M. ROMINES, JJ., concur.

---

1. In addition, Claimant's application for review to the Commission was untimely, which deprives both the Commission and this Court of jurisdiction over Claimant's appeal. *Miller v. Pasta House Co.*, 237 S.W.3d 261, 262 (Mo. App. E.D.2007).