Joseph HARTLEY, Claimant/Appellant,

v.

LORENZ AND ASSOCIATES, INC., and Division of Employment Security, Respondents.

No. ED 92498.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 10, 2009.

Joseph Hartley, Pacific, pro se.

Shelly Kintzel, Division of Employment Security, Jefferson City, MO, for respondents.

Lorenz and Associates, Inc., St. Louis, pro se.

NANNETTE A. BAKER, Chief Judge.

Joseph Hartley (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision concerning his application for unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits, because he had left work voluntarily without good cause attributable to his work or his employer. Claimant appealed to the Appeals Tribunal, which reversed this determination and awarded Claimant unemployment benefits. His employer, Lorenz and Associates, appealed to the Commission, which reversed the Appeals Tribunal and concluded Claimant was disqualified from receiving unemployment benefits. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is

untimely. Claimant has not filed a response to the motion.

Pursuant to section 288.210, RSMo 2000, an unemployment claimant must file the notice of appeal to this Court from the Commission's decision within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on November 30, 2006. Therefore, the notice of appeal to this Court was due on or before Tuesday, January 2, 2007. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant mailed his notice of appeal to the Commission on January 16, 2009, almost two years after it was due. The notice of appeal is untimely under section 288.210.

Chapter 288 governing unemployment cases fails to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Flotron v. Information Solutions Design*, 238 S.W.3d 745, 746 (Mo. App. E.D.2007).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J. and KENNETH M. ROMINES, J., concur.